JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Randy Weinberg

**(b)** County of Residence of First Listed Plaintiff   **New London**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Norman A. Pattis, Pattis & Smith-383 Orange St., New Haven, CT 06511 (203)393-3017

## DEFENDANTS
State of Connecticut, Dept. of Revenue Services; Mark D. Boughton

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42-1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
02/05/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/Norman A. Pattis/s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDY WEINBERG, | : | |
| Plaintiff, | : | DKT No.: 21-155 |
| v. | : | |
| STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES; MARK D. BOUGHTON, | : | |
| Defendants. | : | FEBRUARY 5, 2021 |

## COMPLAINT

*"However small the object of an injustice may be, the injustice itself may be very great"* – Immanuel Kant.

1. This is an action to derail a train of hypocritical injustice loaded from the engine to the caboose with a burning desire to punish out of retribution. Despite all of its platitudes about rehabilitation and mitigating recidivism, the Defendants railroaded a former drug dealer back into a life of drug-dealing by depriving him of the means to pursue an honest life with the basic necessities necessary to live. The Defendants now seek to railroad the Plaintiff for the second time in the same fashion. Thus, the Plaintiff brings this action to challenge the constitutionality of Conn. Gen. Stat. § 12-650 et. seq – facially and as applied – under the Fifth, Eighth, and Fourteenth Amendment's to the United States Constitution, and he seeks permanent injunctive relief to stop a systematic violation of his rights and the destruction of his efforts to reform his life.

## PARTIES

2. The Plaintiff, Randy Weinberg, is an adult resident of the State of Connecticut.

1

3.  The Defendant, State of Connecticut Department of Revenue Services, is the administrative agency responsible for enforcing the laws that Connecticut classifies as tax laws and collecting all monies under those laws.

4.  The Defendant, Mark D. Boughton, is the Commissioner of the Connecticut Department of Revenue Services. He is sued in his official capacity only.

## JURISDICTION

5.  Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 42 U.S.C. § 1983. Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### *The Defendants' Persecution of Mr. Weinberg*

6.  In 1998, Mr. Weinberg was convicted for possessing drugs with the intent to sell them. He served time in prison for this offense as well as for a 2001 violation of probation.

7.  While he was in prison in 2002, the Connecticut Department of Revenue Services sent him a notice that it had assessed him taxes on drugs that it claims that he had in his possession in 2001 pursuant to Conn. Gen. Stat. § 12-651. Upon information and belief, the tax assessment exceeded $60,000.

8.  Upon receiving the notices, Mr. Weinberg talked to fellow inmates who were also incarcerated for drug dealing, and they all told him that they had never heard of such a tax and that he was the only one that they had ever heard of being assessed for it.

9.  Mr. Weinberg then talked to the state who would only tell him that, regardless of what he did, they would get the money one way or another.

10. When Mr. Weinberg was released from prison in 2004, he attempted to turn his life around. He went to college, maintained a 4.0 GPA, got a job, realigned his friendships to avoid the folks who had been a bad influence on him, and tried to start life anew.

11. The state, however, lived up to its threat to Mr. Weinberg. It began garnishing his wages before regular taxes were assessed on them, and it attached his state tax returns. By the time the state got done taking all that it wanted out of Mr. Weinberg's paycheck, he was left with less than $200 per week to live on.

12. With no other options after more than four years of living under this burden, Mr. Weinberg turned back to dealing drugs again in an effort to meet his basic human needs.

13. Mr. Weinberg was subsequently arrested and convicted in 2010 for dealing drugs again. He was sentenced to a period of incarceration, and he was released in 2013.

14. Since then, he has tried once again to reform his life. He got a job, bought a house, and became a productive and honest member of society.

15. The state, however, will not let him be. Its assessment has now ballooned to $124,344.38 due to interest and penalties.

16. In 2019, the Defendants issued Mr. Weinberg a "Certification For Tax Warrant." Upon information and belief, they subsequently used that document – and that document alone – in the waning months of 2020 to forcibly take $1,000 dollars out of his bank account.

17. On January 5, 2021, the Defendants sent him a notice that they have attached a real estate tax lien on his house. They have also threatened to garnish his wages to the point of leaving him unable to meet his basic human needs again.

### *Conn. Gen. Stat. § 12-650 et. seq. Does Not Function As A Tax And Was Never Intended To.*

18. Conn. Gen. Stat. § 12-651 purports to impose a tax on the possession of drugs in the amount of $3.50 for each gram of marijuana, $200 dollars on each gram of any other controlled substance, or $2,000 dollars on each fifty dosage units of any controlled substance that cannot be measured by weight.

19. Conn. Gen. Stat. § 12-658 exempts people who are lawfully in possession of marijuana or any controlled substance from the tax.

20. Upon information and belief, the Defendants have never supplied the public with any information or forms to facilitate the payment of the purported tax and compliance with the law. Instead, the Defendants have only created and supplied law enforcement with forms necessary to refer people in possession of illicit drugs to them for summary assessment and collection.

21. The legislative history of the statute is permeated with statements of legislative intent to punish.

> A. "We have various drug and seizure laws which [provide that] if a drug dealer is arrested in commitment of a crime, in possession of drugs and the drugs are found in a house, a boat, a car, for example, the law enforcement officials may seize that house, drug or boat and that becomes property of the state. However, the law does not permit law enforcement officials to reach beyond that to whatever resources those

4

individuals may have, such as cash resources, other businesses and so on. This bill would allow law enforcement officials to reach beyond the immediate seizure and to attack criminals' assets, bank accounts, homes, property and so on." *Statement of Representative John W. Thomas*, 34 H.R. Proc., Pt. 21, 1991 Sess., p. 7809.

B. "[Y]ou know, I think the concept is good because what you're doing is you're double-whacking the offender. You're getting him with the jail term and you're getting him with any fines that he may incur through civil or legal offenses. You're then getting him with the tax that 'he would have to pay' if he was selling this substance." *Statement of Representative G. Metsopoulos*, 34 H.R. Proc., Pt. 21, 1991 Sess., p. 7813.

22. Upon information and belief, the Defendants have also not taken any steps to apply the law on a general basis. Despite the thousands of people who have been convicted for possession with intent to sell since the passage of this statute, the Defendants have only selectively applied the statute to a limited number of these people, including Mr. Weinberg.

### COUNT ONE – VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS TO ALL DEFENDANTS.

23. Paragraphs 1 through 22 of this Complaint are hereby incorporated herein.

24. Conn. Gen. Stat. § 12-650 et. seq. imposes a fine or establishes a forfeiture process.

25. All fines or forfeitures assessed under Conn. Gen. Stat. § 12-650 et. seq. are punitive.

26. Conn. Gen. Stat. § 12-650 et. seq. is exclusively applicable to illegal activity.

27. The high rate of tax that Conn. Gen. Stat. § 12-650 et. seq. is unrivaled in the world of taxes.

28. Conn. Gen. Stat. § 12-650 et. seq. violates the Double Jeopardy Clause of the Fifth Amendment on its face.

29. The Defendants' application of Conn. Gen. Stat. § 12-650 et. seq. is selective and rare.

30. The Defendants' application of Conn. Gen. Stat. § 12-650 et. seq. depends wholly on referrals from law enforcement and criminal prosecutors who, upon information and belief, rarely make those referrals and only do so when they seek to impose more punishment on a specific criminal defendant than a criminal court will rather than from a knowledge of the law.

31. The Defendants' application of Conn. Gen. Stat. § 12-650 et. seq. to Mr. Weinberg only occurred after he was incarcerated for violating his parole in 2001 and appeared to pose a recurring problem to prosecutors who sought to impose additional punishment on him.

32. The Defendants' application of Conn. Gen. Stat. § 12-650 et. seq. to Mr. Weinberg violates the Double Jeopardy Clause of the Fifth Amendment.

### COUNT TWO – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS TO ALL DEFENDANTS.

33. Paragraphs 1 through 32 of this Complaint are hereby incorporated herein.

34. Conn. Gen. Stat. § 12-650 et. seq. violates the Due Process Clause of the Fourteenth Amendment on its face because it imposes a punishment without providing

6

the person being punished any opportunity to dispute the underlying facts or the assessment and be heard on any matter relating to the assessment and punishment.

35. Conn. Gen. Stat. § 12-650 et. seq. violates the Due Process Clause of the Fourteenth Amendment as applied to Mr. Weinberg because it imposed a punishment on him without providing him any opportunity to dispute the underlying facts or the assessment and be heard on any matter relating to the assessment and punishment.

36. Upon information and belief, the Defendants also violated the Due Process Clause of the Fourteenth Amendment by using a document purporting to be a "Certification For Tax Warrant" to take $1,000 out of Mr. Weinberg's bank account without obtaining a formal warrant to seize his assets.

## COUNT THREE – VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS TO ALL DEFENDANTS.

37. Paragraphs 1 through 36 of this Complaint are hereby incorporated herein.

38. Conn. Gen. Stat. § 12-650 et. seq. imposes fines or operates as a forfeiture scheme.

39. Conn. Gen. Stat. § 12-650 et. seq. violates the Eighth Amendment to the United States Constitution on its face because it imposes fines and forfeitures that are grossly disproportional to the offenses that it seeks to punish.

40. Conn. Gen. Stat. § 12-650 et. seq. violates the Eighth Amendment to the United States Constitution as applied to Mr. Weinberg because it imposed a fine or a forfeiture on him that is grossly disproportional to the offenses that he committed.

## DAMAGES

41. As to all counts, the Plaintiff seeks:

A. A declaratory judgment that Conn. Gen. Stat. § 12-651 is unconstitutional on its face;

B. A declaratory judgment that Conn. Gen. Stat. § 12-651 is unconstitutional as applied;

C. A permanent injunction enjoining the Defendants from trying to collect any sum assessed against the Plaintiff in any fashion under Conn. Gen. Stat. § 12-651;

D. Disgorgement of all monies that the Defendants have collected from the Plaintiff by any means under the authority of Conn. Gen. Stat § 12-651.

E. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

F. Such other relief as this Court deems fair and equitable.

THE PLAINTIFF

By: /s/ NORMAN A. PATTIS /s/
    NORMAN A. PATTIS
    PATTIS & SMITH, LLC
    383 Orange Street
    New Haven, CT 06511
    TEL: 203.393.3017
    FAX: 203.393.9745
    npattis@pattisandsmith.com
    ct13120