**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RANDY WEINBERG, | : | |
| | : | |
| *Plaintiff*, | : | DKT No.: 3:21-cv-00155 (JCH) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF REVENUE | : | |
| SERVICES; MARK D. BOUGHTON, | : | |
| | : | |
| *Defendants*. | : | APRIL 25, 2022 |

## JOINT MOTION TO STAY DISCOVERY

After conferring, the parties jointly move to stay all discovery pending the outcome of the early settlement conference scheduled with Magistrate Judge S. Dave Vatti for May 19, 2022. *See* Dkt. 36.

The power of a federal court to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The parties submit that considerations of economy weigh in favor of staying all discovery pending the outcome of the early settlement conference.

The Plaintiff bears significant early discovery burdens as he must make a decision on whether to locate and retain an expert before June 7, 2022. To assist the Plaintiff in making an informed decision on the necessity of retaining an expert, Plaintiff's counsel contemplates the issuance of subpoenas to the United States Department of Justice, the Connecticut Chief State's Attorney's Office, and the Connecticut State Department of Emergency Services and Public Protection in addition to subpoenas upon select municipal police departments. He has already begun to prepare these subpoenas. Not

1

only will these subpoenas represent a litigation cost to the Plaintiff, but they will also require a substantial use of resources by their recipients to adequately respond or, alternatively, to move to quash them. Since those recipients will be government agencies, it would not be in the public's interest to burden them with the cost of production if settlement can be achieved prior to commencing discovery.

In light of their discussions, the parties believe that the interest of economy would serve all, including the Court, best if discovery was stayed pending the outcome of the early settlement conference. Accordingly, the parties respectfully request a stay of discovery up to and including May 19, 2022.

> For The Plaintiff, Randy Weinberg
>
> By: /s/ NORMAN A. PATTIS /s/
> /s/ CAMERON L. ATKINSON /s/
> NORMAN A. PATTIS (ct13120)
> CAMERON L. ATKINSON (ct31219)
> PATTIS & SMITH, LLC
> 383 Orange Street
> New Haven, CT 06511
> TEL: 203.393.3017
> FAX: 203.393.9745
> npattis@pattisandsmith.com
> catkinson@pattisandsmith.com
>
> For The Defendants
> STATE OF CONNECTICUT REVENUE
> SERVICES; MARK BOUGHTON
>
> /s/ James W. Caley /s/
> James W. Caley (ct16768)
> Assistant Attorney General
> John Langmaid (ct29770)
> Assistant Attorney General
> 165 Capitol Avenue
> Hartford, CT 06106
> Tel: (860) 808-5270
> Fax: (860) 772-1709

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                                                      <u>      /s/ Cameron L. Atkinson    /s/ </u>