UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDY WEINBERG,<br>    *Plaintiff,*<br><br>VS.<br><br>STATE OF CONNECTICUT<br>DEPARTMENT OF REVENUE<br>SERVICES AND MARK D.<br>BOUGHTON,<br>    *Defendants* | :<br>:<br>:<br>:<br>: 3:21CV00155 (JCH)<br>:<br>:<br>:<br>:<br>:<br>: MAY 5, 2022<br>: |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Federal Rule of Civil Procedure, the defendants hereby Answer the Complaint filed on February 5, 2021, as follows:

1. So much of Paragraph 4 as alleges, "the Plaintiff brings this action to challenge the constitutionality of Conn. Gen. Stat. § 12-650 et seq — facially and as applied—under the Fifth, Eighth, and Fourteenth Amendment's to the United States Constitution, and seeks permanent injunctive relief" is admitted. As to the remaining allegations, the defendants have insufficient knowledge and/or belief and leave the plaintiff to his proof.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. As to Paragraph 6, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

7. As to Paragraph 7, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

8. As to Paragraph 8, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

9. As to Paragraph 9, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

10. As to Paragraph 10, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

11. As to Paragraph 11, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

12. As to Paragraph 12, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

13. As to Paragraph 13, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

14. As to Paragraph 14, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

15. So much of Paragraph 15 as alleges, "The state, however, will not let him be," the defendants have insufficient knowledge and/or belief and leave the plaintiff to his proof. As to the remaining allegations, they are admitted.

16. So much of Paragraph 16 as alleges, "In 2019, the Defendants issued Mr. Weinberg a "Certification For Tax Warrant," the paragraph is admitted insofar as in 2019, the Defendants issued Mr. Weinberg a document stating, "Certification for Tax Warrant." The remainder of the paragraph is denied.

17. So much of Paragraph 17 as alleges, "On January 5, 2021, the Defendants sent him a notice that they have attached a real estate tax lien on his house," is admitted. As to the remaining allegations, they are denied.

18. As to Paragraph 18, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is denied.

19. As to Paragraph 19, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is admitted.

20. Paragraph 20 is denied.

21. As to Paragraph 21, this Paragraph is admitted in so far as it quotes 34 H.R. Proc., Pt. 21, 1991 Sess., p. 7809 and 7813 in subparagraphs A and B. As to the remainder of the allegations, they set forth a conclusion of law to which no response is required.

22. So much of Paragraph 22 as alleges, "[u]pon information and belief, the Defendants have also not taken any steps to apply the law on a general basis," the defendants have insufficient knowledge and/or belief and leave the plaintiff to his proof. As to the remaining allegations, they are denied.

23. As to Paragraph 23, this Paragraph incorporates by reference Paragraphs 1 through 22 of the Complaint. In response, the defendants incorporate by reference their responses to Paragraph 1 through 22 of the Complaint as set forth above.

24. As to Paragraph 24, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is admitted insofar as Conn. Gen. Stat. § 12-650 et seq., does contain a fine provision at § 12-660 (b) and a forfeiture process at § 12-655.

25. As to Paragraph 25, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is admitted insofar as Conn. Gen. Stat. § 12-650 et seq. contains a punitive provision at § 12-660 to include a fine. As to the remaining allegations, they are denied.

26. As to Paragraph 26, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is admitted.

27. As to Paragraph 27, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

28. As to Paragraph 28, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is denied.

29. Paragraph 29 is denied.

30. So much of Paragraph 30 as alleges, the "Defendants application of Conn. Gen. Stat. § 12-650 et seq. depends wholly on referrals from law enforcement and criminal prosecutors" is denied. As to the remaining allegations, the defendants have insufficient knowledge and/or belief and leave the plaintiff to his proof.

31. As to Paragraph 31, the defendants have insufficient knowledge and/or belief as to the allegations and leave the plaintiff to his proof.

32. As to Paragraph 32, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is denied.

33. As to Paragraph 33, this Paragraph incorporates by reference Paragraphs 1 through 32 of the Complaint. In response, the defendants incorporate by reference their responses to Paragraph 1 through 32 of the Complaint as set forth above.

34. As to Paragraph 34, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is denied.

35. As to Paragraph 35, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is denied.

36. Paragraph 36 is denied.

37. As to Paragraph 37, this Paragraph incorporates by reference Paragraphs 1 through 36 of the Complaint. In response, the defendants incorporate by reference their responses to Paragraph 1 through 36 of the Complaint as set forth above.

38. As to Paragraph 38, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is admitted insofar as Conn. Gen. Stat. § 12-650 et seq. does contain a fine provision at § 12-660 (b) and a forfeiture process at § 12-655.

39. As to Paragraph 39, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is denied.

40. As to Paragraph 40, this Paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, the Paragraph is denied.

41. So much of Paragraph 41 as seeking relief in subparagraphs A thru F, each request for relief is denied.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by Sovereign Immunity.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff waited too long to file this case, causing prejudice to the defendants and, accordingly, this action is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by principles of comity.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole or part by abstention under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971).

DEFENDANTS,

DEPARTMENT OF REVENUE SERVICES, ET AL.

BY: /s/ James W. Caley
James W. Caley (ct16768)
Assistant Attorney General
John Langmaid (ct29770)
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5461
Fax: (860) 772-1709

## **CERTIFICATION**

I hereby certify that on May 5, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ James W. Caley
James W. Caley
Assistant Attorney General